UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
MIKHAIL STEPCHUK, et al.,            )
                                                  )
                    Plaintiffs,   )    No. C06-570RSL
     v.                                  )
                                                  )    ORDER GRANTING DEFENDANTS'
ALBERTO R. GONZALES, Attorney General )    MOTION TO SUPPLEMENT
of the United States; et al.,        )    DECLARATION
                                                  )
                    Defendants.    )
_____)

This matter comes before the Court on "Defendants' Motion to Amend Pleadings" (Dkt. #41). Defendants seek leave of Court to include the Supplemental Declaration of Julia Harrison (Dkt. #40) in support of their "Opposition to Plaintiffs' Motion for Summary Judgment" (Dkt. #35). Plaintiffs do not expressly oppose the Court's consideration of the supplemental declaration, but rather claim that it "still fails to raise a genuine issue of material fact as to Plaintiff Rikabi's eligibility to naturalize." See Response at 1.

Federal Rule of Civil Procedure 56(c) states that when a motion for summary judgment is filed, the "adverse party prior to the day of the hearing may serve opposing affidavits." Under Rule 56(e), "[t]he court may permit affidavits to be supplemented . . . by . . . further affidavits." Although defendants' supplemental declaration was filed after the summary judgment motion's October 6, 2006 noting date, under Rule 6(b), "the court for cause shown may at any time in its

ORDER GRANTING DEFENDANTS'
MOTION TO SUPPLEMENT DECLARATION

discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." See also Local Rule 7(d)(2)(A) (motions for relief from a deadline). "Excusable neglect" is determined by reference to four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. See Pincay v. Andrews, 389 F.3d 853, 855-56 (9th Cir. 2004).

Here, the Court finds that the Supplemental Declaration of Julia Harrison was filed after the summary judgment motion's noting date because of excusable neglect. First, plaintiffs are not prejudiced by the late filing because they had an opportunity to respond and did not object to the late filing. Second, the supplemental declaration was filed only a week after the noting date resulting in a minimal impact on the judicial proceedings. Finally, the supplemental declaration was filed because "new information came to light regarding the application of Plaintiff Adil Rikabi," which is a justifiable reason for the delay and indicates that defendants acted in good faith in filing the belated declaration. See Motion at 2.

For all of the foregoing reasons, the Court GRANTS "Defendants' Motion to Amend Pleadings" (Dkt. #41). Accordingly, the Court will consider the Supplemental Declaration of Julia Harrison (Dkt. #40) in support of "Defendants' Opposition to Plaintiffs' Motion for Summary Judgment" (Dkt. #35).

DATED this 30th day of October, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION TO SUPPLEMENT DECLARATION -2-