UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
MIKHAIL STEPCHUK, *et al.*,

              Plaintiffs,

     v.

ALBERTO R. GONZALES, Attorney General
of the United States; *et al.*,

              Defendants.
_____

No. C06-570RSL

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY
JUDGMENT AND REMANDING
TO UNITED STATES CITIZENSHIP
IMMIGRATION SERVICES

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion for Summary Judgment" (Dkt. #30). In their motion, plaintiffs Adil Rikabi, Yusra Aziz, and Khadija Al-Jabery request naturalization by the Court or an order directing United States Citizenship and Immigration Services ("USCIS") to naturalize them under 8 U.S.C. § 1447(b) because USCIS has failed to grant or deny their naturalization applications within 120 days of their naturalization examination interview. Defendants oppose the motion claiming that there are genuine issues of material fact regarding whether plaintiffs are eligible for naturalization and request that the Court remand this matter back to USCIS. See Response at 13. For the reasons set forth below, the Court denies plaintiffs' motion for summary judgment and remands plaintiffs' naturalization

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS

applications to USCIS.

## II. DISCUSSION

**A. Background**

This action originally commenced on April 21, 2006 with fifteen plaintiffs seeking naturalization. See Dkt. #1 (Complaint). Since then, twelve of the fifteen plaintiffs' Applications for Naturalization have been granted through this Court's orders granting motions for naturalization. See Dkt. #7-#9, #14-#17, #19, #21, #23, #25 and #29 (Orders granting stipulated motions for naturalization). On September 8, 2006, the three remaining plaintiffs, Adil Rikabi, Yusra Aziz, and Khadija Al-Jabery (hereinafter collectively "the plaintiffs"), filed a motion for summary judgment seeking naturalization from this Court under 8 U.S.C. § 1447(b), or alternatively an order directing USCIS to naturalize them. See Motion. Plaintiffs also requested an order directing defendants to produce copies of plaintiffs' immigration files. Id. at 13.[1] Plaintiffs' motion is now before the Court for consideration.

**B. Analysis**

    **1. Jurisdiction under 8 U.S.C. § 1447(b)**

Before proceeding to the merits of plaintiffs' motion, the Court must first establish whether it has jurisdiction over plaintiffs' naturalization applications. The Secretary of the Department of Homeland Security ("DHS")[2] has "sole authority to naturalize persons as citizens of the United States." See 8 U.S.C. § 1421(a). Although primary naturalization authority is

---

[1] This request is moot because defendants have provided plaintiffs' administrative records. See Dkt. #32, #33, and #34. As a result, plaintiffs have withdrawn the FOIA requests for their immigration files. See Reply at 12 n.4.

[2] The Homeland Security Act of 2002, Pub. L. No. 107-296, § 1512(d), 116 Stat. 2135, 2310, transferred the authority to naturalize from the Attorney General to the Secretary of the DHS.

vested with the Secretary of the DHS, in certain limited circumstances, district courts have jurisdiction over the naturalization process. See, e.g., 8 U.S.C. § 1421(b)(1) (stating that the district court may administer the oath of allegiance); § 1421(c) (stating that district courts have jurisdiction to review de novo naturalization applications denied under § 1446(a)). In this case, the relevant jurisdictional authority resides in 8 U.S.C. § 1447(b), which states:

> If there is a failure to make a determination under section 335 [8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service [USCIS] to determine the matter.

Under this authority, the Court has jurisdiction over this matter if USCIS has not made a naturalization determination within 120 days of "the examination." Although the term "examination" is not defined in § 1447(b), the majority of courts analyzing this issue have held that the word "examination" in § 1447(b) refers to the date on which the USCIS interviews the applicant. See Khelifa v. Chertoff, 433 F. Supp. 2d 836, 841-42 (E.D. Mich. 2006) ("[T]he Court concurs in the weight of authority holding that the 120-day statutory decision making period commences when an applicant 'appears in person before a Service officer' as provided in the CIS regulation that governs examinations, 8 C.F.R. § 335.2."); El-Daour v. Chertoff, 417 F. Supp. 2d 679, 683 (W.D. Pa. 2005) (concluding that "examination" means "interview"). The Court agrees with this persuasive authority and similarly concludes that the 120-day period in § 1447(b) commences on the day of the applicant's examination interview with a USCIS officer.

In this case, plaintiff Adil Rikabi was interviewed about his naturalization application on April 18, 2005, plaintiff Yusra Aziz was interviewed on June 20, 2005, and plaintiff Khadija Al-Jabery was interviewed on April 21, 2005. See Motion at 2-4. Since it is undisputed that USCIS has not made a naturalization determination on plaintiffs' applications and more than 120 days have passed since plaintiffs' interviews, the Court concludes that it has jurisdiction of this

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS           -3-

matter under 8 U.S.C. § 1447(b). See Hovsepian v. United States, 359 F.3d 1144, 1164 (9th Cir. 2004) (holding "Section 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS fails to act within 120 days if the applicant properly invokes the court's authority."); Response at 11 ("It is undisputed that more that 120 days have passed since the date of the oral examination for the final three Plaintiffs.").

The three plaintiffs here present different arguments in support of their combined motion for summary judgment. Therefore, for purposes of analysis, the Court separates its discussion below of plaintiff Aziz's claims from plaintiffs Rikabi's and Al-Jabery's claims.[3]

### 2. Plaintiff Yusra Aziz

Before an applicant can be naturalized, the applicant must, among other requirements, "demonstrate an understanding of the English language" and "demonstrate a knowledge and understanding of the fundamentals of the history, and of the principles and form of government, of the United States." See 8 C.F.R. §§ 312.1(a), 312.2(a). However, an applicant may seek an exemption to these requirements by submitting a Form N-648, Medical Certification for Disability Exceptions. See 8 C.F.R. § 312.2(b)(2). In support of her motion for summary judgment, plaintiff Aziz claims that she is exempt from the requirements of 8 C.F.R. §§ 312.1(a) and 312.2(a) because she completed a Form N-648. See Dkt. #30 at 32 (Declaration of Yusra Aziz), ¶6 ("USCIS accepted my N-648 naturalization disability waiver, exempting me from the tests of English and U.S. history and government."). In opposition, defendants claim that there is a disputed issue of fact concerning the adequacy of plaintiff Aziz's Form N-648 because of an inconsistency with representations made in plaintiff's Form I-693, Medical Examination for Aliens Seeking Adjustment of Status. See Response at 3; Reply at 8.

---

[3] Plaintiffs Rikabi and Al-Jabery both claim that their naturalization applications are being delayed by a pending "name check." See Reply at 2-7. Therefore, the Court considers their arguments together.

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS          -4-

Plaintiff Aziz must show by a preponderance of the evidence that she meets all of the requirements for naturalization. See 8 U.S.C. § 316.2(b) ("The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization."); see also Berenyi v. INS, 385 U.S. 630, 637 (1967) (citing United States v. Macintosh, 283 U.S. 605, 626 (1931) ("[I]t has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect" and doubts "'should be resolved in favor of the United States and against the claimant.'").

Plaintiff Aziz's Form N-648, completed by Dr. Chi Meng Gan, states that plaintiff Aziz suffers from major depression, PTSD, panic attacks, and "has thoughts of suicide." See Dkt. #34 at L38. In contrast, plaintiff Aziz's Form I-693 states that she has no apparent defect, disability, or disease and Dr. Ezzat Tashakkor expressly attested on the Form I-693 that plaintiff Aziz "is a healthy individual." See id. at L13.

"[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Accordingly, viewing the inferences from the facts in a light most favorable to defendants, the Court finds that because of the inconsistency between the medical opinions of Dr. Gan and Dr. Tashakkor, plaintiff has not established that she has satisfied the requirements for an exception under 8 C.F.R. § 312(b)(2).[4]

Furthermore, the Court finds there is another genuine issue of material fact regarding

---

[4] Although plaintiff Aziz asserts that her "[d]epression and PTSD . . . are not conditions covered by or required to be discussed in the I-693," the Court notes that 8 C.F.R.§ 209.2(d), which establishes the Form I-693 requirement, also requires that the medical examination consider under 8 U.S.C. § 1182(a)(1)(iii)(I) and (II) whether the alien has or had a "mental disorder and behavior associated with the disorder that may pose, or has posed, a threat to the property, safety, or welfare of the alien or others." See Reply at 9.

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS           -5-

plaintiff Aziz's Form N-648. In her declaration, plaintiff Aziz states: "My attorney sent a letter to USCIS dated January 24, 2006 requesting that the agency expedite my case." Dkt. #30 (Aziz Decl.) at ¶7. This letter states:

> Despite prior approval of her N-648, she received an N-14 dated December 12, 2005 requesting a new N-648 from a different doctor who is a specialist. We are working to comply with this request and have asked for more time (until February 10, 2006) to submit a new N-648. In the meantime, is it possible to ensure that your office has her entire file to complete final adjudication of her application once the new N-648 is submitted?

Id. (Exhibit Y). As plaintiff acknowledges in this letter, a "complete final adjudication of her application" would occur "once the new N-648 is submitted." Id. There is no evidence in the record, however, that the "new N-648" requested by USCIS has been submitted by the plaintiff. To the contrary, the letter from DHS to plaintiff Aziz dated September 27, 2006 requests again that plaintiff "submit a newly completed Form N-648 . . . from a doctor other than the authorized medical source that completed your original Form N-648 (Dr. Chi Meng Gan)." See Dkt. #35-3 at 1. Therefore, based on the inconsistency between plaintiff Aziz's Form N-648 and Form I-693, and the fact that there is no evidence that plaintiff submitted a "new Form-648" in response to DHS's December 12, 2005 and September 27, 2006 requests, the Court finds that there is a disputed issue of fact concerning plaintiff's completion of the Form N-648. See Dkt. #37 at ¶4.

Given that plaintiff has chosen to submit Form N-648 as an exemption to the requirements for naturalization in 8 C.F.R. §§ 312.1(a) and 312.2(a), and there is a disputed issue of fact regarding the successful completion of this Form, plaintiff has not met her burden by a preponderance of the evidence that she has satisfied all the requirements of naturalization and therefore the Court cannot naturalize plaintiff Aziz. Accordingly, the Court remands plaintiff Aziz's naturalization application to USCIS. The USCIS shall adjudicate plaintiff Aziz's N-400 Application for Naturalization within 30 days of receipt of her new Form N-648, as

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS                  -6-

requested in the USCIS letter dated September 27, 2006.

### 3. Plaintiffs Adil Rikabi and Khadija Al-Jabery

Plaintiffs Rikabi and Al-Jabery assert that they have met all the requirements for naturalization, but that their applications are being delayed by a pending "name check," which they claim is not a requirement for naturalization. See Motion at 8-9; Reply at 2-7. In opposition, defendants assert that plaintiff Rikabi's and plaintiff Al-Jabery's background checks have not been completed therefore there are genuine material facts about their eligibility for naturalization. See Response at 11 ("The naturalization applications for Plaintiffs Rikabi and Al-Jabery are not ripe for adjudication because the background checks have not yet been completed.").

Confirmation that an applicant is eligible for naturalization requires a thorough background investigation. See 8 C.F.R. § 335.1 ("Subsequent to the filing of an application for naturalization, the Service shall conduct an investigation of the applicant. The investigation shall consist, at a minimum, of a review of all pertinent records[.]"); 8 U.S.C. § 1446(a) ("Before a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General, shall conduct a personal investigation of the person applying for naturalization[.]"). After 1997, Congress required a complete FBI criminal background investigation be conducted on each applicant for citizenship:

> [D]uring fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997.

See Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. 105-119, tit. I, 111 Stat. 2440, 2448-49 (1997). Courts lack "the power to make someone a citizen" except to the extent authorized by Congress. INS v.

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS         -7-

Pangilinan, 486 U.S. 875, 883-84 (1988). Background investigations are a prerequisite to naturalization because an applicant must establish, among other things, that he or she is a person of good moral character under 8 U.S.C. § 1427, and good moral character cannot be established if an applicant has been convicted of certain criminal offences. See, e.g., 8 U.S.C. § 1101(f).

Here, defendants assert that the background checks are not complete.[5] See Dkt. #36 (Cannon Decl.) at ¶¶ 21, 22; Dkt. #37 (Harrison Decl.) ¶4. Plaintiffs allege that the background checks must be complete because they have been interviewed, and under 8 C.F.R. § 335.2(b), "a full criminal background check of an applicant" must be completed before the examination interview.[6] Plaintiffs cite no authority, however, stating that the failure to complete the

---

[5] After filing their response, defendants submitted a second declaration from Julia Harrison stating that while plaintiff Rikabi's FBI "name check" had been completed, the USCIS cannot proceed to adjudicate plaintiff's naturalization application because there has not been a "complete resolution on his background security check." See Dkt. #40. Despite resolution of the FBI "name check," based on this declaration from defendants that the background check is still not complete, the Court finds there is a genuine issue of material fact whether plaintiff Rikabi is eligible for naturalization.

[6] The Court appreciates plaintiff Rikabi's and plaintiff Al-Jabery's circumstance. Unfortunately, their situation is not unique. To remedy situations like plaintiffs' case, there is indication that the USCIS now waits until background investigations are complete before conducting an applicant's examination interview. See Response at 7, n.2 ("Initially, the USCIS had interpreted the regulations to require only that the USCIS receive the results of the FBI fingerprint check prior to interviewing naturalization applicants. However, the USCIS has recently determined not to schedule interviews until all checks have been completed."); see also Khelifa, 433 F. Supp. 2d at 845 n.6 ("The only apparent fault that could be found with CIS's actions here lies in its failure to adhere to its own regulation, which, as noted earlier, calls for the FBI background check to be completed before an applicant is brought in for an examination. 8 C.F.R. § 335.2(b). Perhaps in response to the growing number of lawsuits that have resulted from the combination of lengthy background checks and CIS's deviation from the course of action dictated in its regulation, the agency recently declared its renewed intention to conduct examinations only after receiving the results of an applicant's criminal background check, and also issued a 'Fact Sheet' explaining the purposes behind and steps involved in the background check process. See 4/25/2006 Fact Sheet, at http://www.uscis.gov/graphics/publicaffairs/factsheets/security_checks_42506.pdf."); Alkenani v. Barrows, 356 F. Supp. 2d 652, 657 (N.D. Tex. 2005) ("The evidence shows that the immigration service is still awaiting the results of a fingerprint comparison, or 'name check,' on petitioner. This is just

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS            -8-

necessary background check <u>before</u> the examination interview <u>waives</u> the background check requirement.

When faced with the situation here, where the background check has not been completed within 120 days of the examination interview, the majority of courts have remanded the application to USCIS to complete the background investigation. See <u>El-Daour v. Chertoff</u>, 417 F. Supp. 2d 679, 683 (W.D. Penn. 2005) (stating "Here, as in [<u>Danilov v. Aguirre</u>, 370 F. Supp. 2d 441 (E.D. Va. 2005)] and as likely in many other cases, the CIS simply failed to follow its own procedure. Had the CIS complied with § 335.2(b) and completed the criminal background checks before conducting the examination (interview), [the applicant] would not be waiting month after month after having the interview for a ruling on his application " and remanding to the CIS for a "prompt resolution once the background check has been completed"); <u>Khelifa</u>, 433 F. Supp. 2d at 843 ("[T]he courts have been unwilling to pursue either of these two courses [either conduct their own investigations into an applicant's criminal background, or to proceed to the merits of the applications without the benefit of information concerning the applicants' backgrounds or security risks] where they could instead remand with instructions for the CIS to promptly decide the applications.").

The Court concludes that remand is appropriate in this case as well. Plaintiffs Rikabi and Al-Jabery bear the burden of establishing that they have met all the requirements for naturalization. See 8 U.S.C. § 316.2(b); see also <u>Berenyi</u>, 385 U.S. at 637 (citing <u>United States v. Macintosh</u>, 283 U.S. 605, 626 (1931) ("[T]he burden is on the alien applicant to show his

---

one of more than 600 name checks currently being processed by the FBI. Without this information, respondents cannot approve petitioner's application for naturalization. Nor does the immigration service have authority to expedite the FBI investigation or give petitioner priority over background checks requested by other agencies. Unfortunately, the delays of this nature are inevitable and are becoming more frequent in light of heightened security concerns in the post-911 world.").

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS                -9-

eligibility for citizenship in every respect" and "'doubts should be resolved in favor of the United States and against the claimant.'"). Although plaintiffs Rikabi and Al-Jabery argue their background checks are complete, viewing the inferences from the facts in the light most favorable to the non-moving party here, defendants have submitted sufficient evidence that there is a genuine issue of material fact regarding plaintiffs eligibility for naturalization. See Matsuchita Elec. Indus. Co., 475 U.S. at 587; Dkt. #36, #37.

Remanding plaintiffs' naturalization applications to USCIS is consistent with the Supreme Court's reasoning in INS v. Ventura, 537 U.S. 12, 16-17 (2002) (per curium):

> Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context. . . . The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and in so doing, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law allows.

See also Lopez v. Ashcroft, 366 F.3d 799, 807 (9th Cir. 2004) (following Ventura's remand requirement, stating "[o]therwise, we would be improperly bypassing the agency's expertise in immigration matters committed in the first instance to the agency."). Here, there has been no determination yet on plaintiffs' naturalization applications. Consistent with the Supreme Court's reasoning, this Court remands plaintiff Rikabi's and plaintiff Al-Jabery's applications to the USCIS so that it can make an initial determination after completion of the full background check.

### III. CONCLUSION

For all of the foregoing reasons, "Plaintiffs' Motion for Summary Judgment" (Dkt. #30) is DENIED. The Court REMANDS plaintiffs' applications to the USCIS. The USCIS is instructed to adjudicate plaintiff Aziz's N-400 Application for Naturalization within 30 days of receipt of her new Form N-648. The USCIS is instructed to adjudicate plaintiff Rikabi's and plaintiff Al-Jabery's N-400 Application for Naturalization as quickly as possible once their full

background checks are complete.

DATED this 17th day of November, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS                -11-