UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
MIKHAIL STEPCHUK, *et al.*,        )   No. C06-570RSL
                                   )
                    Plaintiffs,    )
         v.                        )
                                   )   ORDER DENYING PLAINTIFFS'
ALBERTO R. GONZALES, Attorney General )  MOTION FOR RECONSIDERATION
of the United States; *et al.*,    )
                                   )
                    Defendants.    )
_____)

This matter comes before the Court on "Plaintiffs' Motion to Reconsider" (Dkt. #45). On November 17, 2006, the Court remanded plaintiff Yusra Aziz's, plaintiff Adil Rikabi's and plaintiff Khadija Al-Jabery's naturalization applications to United States Citizenship and Immigration Services ("USCIS") (Dkt. #44). Plaintiffs Rikabi and Al-Jabery filed a timely motion for reconsideration of this remand order.[1] Dkt. #45.

Plaintiffs request reconsideration of the remand order because they assert that: (1) the Court confused the "FBI Criminal Background Check" with an "FBI Name Check"; (2) the Court's citation to INS v. Ventura, 537 U.S. 12, 16-17 (2002) was "inapposite"; (3) the remand order undermines the statutory authority provided by Congress; and (4) defendants failed to

---

[1] Plaintiff Yusra Aziz does not challenge the remand order. See Motion at n.1.

ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION

demonstrate a genuine issue of material fact precluding plaintiffs' motion for summary judgment.

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). Plaintiffs have not met this burden.

First, plaintiffs contend that "[i]n this case there is no dispute the criminal background checks, i.e., the FBI 'fingerprint checks,' have been completed." See Motion at 2. This statement is both misleading and incorrect. While it is true the parties do not dispute that the fingerprint checks have been done, defendants <u>do not</u> acknowledge that the FBI background checks as a whole are complete. See Dkt. #35 at 2 ("Defendants cannot fully adjudicate the applications of Plaintiffs Rikabi or Al-Jabery because their background checks have not yet been completed."). Plaintiffs contest this by claiming that an FBI "name check is not required either by statute or regulation, and thus is not a 'necessary' background check" and asserting instead that "[t]he 'fingerprint check' is the required FBI criminal background check." See Motion at 2. The Court does not agree. The regulation cited by plaintiffs, 8 C.F.R. § 335.2(b), states:

> Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. A definitive response that a full criminal background check on an applicant has been completed includes: (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record; (2) Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or criminal record; or (3) Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FD-258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

This section uses the term "includes" to define the background check. Therefore, the conditions that follow the term are not exclusive. As a result, the FBI's name check may be

ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION         -2-

considered a part of the requirement for a "full criminal background check." Given this conclusion, coupled with plaintiffs' concession that the requirements of § 335.2(b) are not waived simply because the background check is completed before the examination interview, creates a disputed issue of fact whether plaintiffs' "full criminal background checks" are complete and whether plaintiffs are eligible for naturalization. See Motion at 2 ("Plaintiffs do not assert that 'failure to complete the necessary background check before the examination waives the background check requirement.'") (citing Dkt. #44 at 8-9).

Second, plaintiffs claim that "the Court erred in holding that the Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16-17 (2002), supports an unrestricted remand" and the Court's "citation" to this case was "inapposite." See Motion at 1, 3. Plaintiffs are incorrect on both counts. This Court's decision to remand relied only in part on INS v. Ventura, and contrary to plaintiffs' assertion, the Court did not "hold" that the case supports an unrestricted remand. In its Order remanding plaintiffs' applications to the USCIS, the Court simply noted, as numerous other federal courts have, that the Supreme Court's dicta in INS v. Ventura is instructive in the context of a proceeding under 8 U.S.C. § 1447(b). See Dkt. #44 at 10; Khelifa v. Chertoff, 433 F. Supp. 2d 836, 843 ("More generally, a remand is consistent with the rule that, '[g]enerally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.'") (citing INS v. Ventura, 537 U.S. 12, 16 (2002)).

Third, citing United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004), plaintiffs assert that the Court's remand order undermines the statutory remedy provided by Congress. At issue in Hovsepian was whether 8 U.S.C. § 1447(b) gives district courts exclusive jurisdiction or just concurrent jurisdiction over naturalization applications. Id. at 1159-60. The Court held that "[s]ection 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS fails to act within 120 days if the applicant properly invokes the court's authority." Id. at 1164. In its analysis leading up to this holding,

ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION        -3-

1 the Ninth Circuit determined that § 1447(b) allows the district court to: (1) "determine the matter," or (2) "in lieu of the first option of 'determining the matter,' to 'remand the matter' with instructions that, presumably, the INS is required to heed." Id. at 1160. In this case, the Court chose the second option and decided to remand the matter with appropriate instructions.

While plaintiffs assert in their motion that "the Court provided no remedy or instructions," to the contrary, the Court provided the following instructions: "The USCIS is instructed to adjudicate plaintiff Aziz's N-400 Application for Naturalization within 30 days of receipt of her new form N-648. The USCIS is instructed to adjudicate plaintiff Rikabi's and plaintiff Al-Jabery's N-400 Application for Naturalization as quickly as possible once their full background checks are complete." See Dkt. #44 at 10-11. The Court's instruction relating to plaintiff Rikabi and plaintiff Al-Jabery is consistent with other federal district court remand orders. See, e.g., El-Daour v. Chertoff, 417 F. Supp. 2d 679, 684 (W.D. Pa. 2005) (instructing remand "for a prompt resolution of this matter upon receipt of the results of the FBI's criminal background check"); Shalabi v. Gonzales, 2006 U.S. Dist. Lexis 77096, at *17 (E.D. Mo. Oct. 23, 2006) ("Defendants' Motion for Remand is GRANTED with instructions that the USCIS make a determination as expeditiously as possible after the completion of Shalabi's criminal background investigation."); Zhang v. Chertoff, 2006 U.S. Dist. Lexis 45313, at *4 (E.D. Mich. Feb. 1, 2006) ("Therefore, the Court REMANDS the action to CIS for a prompt resolution following completion of the background check."); Essa v. USCIS, 2005 U.S. Dist. Lexis 38803, at *8 (D. Minn. Dec. 14, 2005) (ordering that "[p]ursuant to 8 U.S.C. § 1147(b), the petitions . . . are remanded to CIS for prompt resolution.").

Finally, plaintiffs assert that defendants failed to demonstrate a genuine issue of material fact to defeat summary judgment. See Motion at 5. While plaintiffs contend that there is no disputed issue of fact because the fingerprint checks are complete, against the framework that inferences drawn from underlying facts are viewed in the light most favorable to the nonmoving

ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION        -4-

party, and that "the burden is on the alien applicant to show his eligibility for citizenship in every respect" with doubts "resolved in favor of the United States and against the claimant," the Court concluded that there was a disputed issue of fact whether the background checks were complete sufficient to justify remand. See Dkt. #44 at 5 (citing Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574, 587 (1986) and Berenyi v. INS, 385 U.S. 630, 637 (1967); 8, fn. 5; 10 (citing Dkt. #36 (Cannon Decl.); #37 (Harrison Decl.). Furthermore, although plaintiffs claim that "[e]ven if summary judgment were denied, Plaintiffs contend the Court should then schedule their applications for a hearing to determine whether their applications should be granted," as discussed above, § 1447(b) expressly gives the district court the option of determining the matter or remanding it. See Motion at 6. In this case, in light of the disputed facts regarding plaintiffs' background checks, the Court in its discretion determined to remand the matter to USCIS with appropriate instructions.

For all of the foregoing reasons, plaintiffs have not shown "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence" under Local Rule 7(h)(1). Accordingly, "Plaintiffs' Motion to Reconsider" (Dkt. #45) is DENIED.

DATED this 18th day of January, 2007.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION           -5-